IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

WALTER LIEBENOW
Individually and as the Parent
and Next Friend of AMSEY
GRACE LIEBENOW, Deceased,

  Plaintiff,

v.              NO. _____
                 JURY DEMANDED

ENSLEY BOTTOMS FARM, LLC,
KALB EQUIPMENT, INC., and
MUFFY K. KALB,

  Defendants.

___

## COMPLAINT FOR DAMAGES
___

Comes now the Plaintiff, WALTER LIEBENOW, Individually and as the Parent and Next Friend of AMSEY GRACE LIEBENOW, Deceased, by and through his undersigned counsel, and hereby sues the Defendants, ENSLEY BOTTOMS FARM, LLC, KALB EQUIPMENT, INC., and MUFFY K. KALB, and alleges as follows:

### PARTIES

1. At all times relevant to this Complaint, the Plaintiff, WALTER LIEBENOW, was a citizen and resident of Hallandale Beach, Broward County, Florida, and the father of AMSEY GRACE LIEBENOW, Deceased.

2. The decedent, AMSEY GRACE LIEBENOW, was born on May 17, 2006, and died on September 12, 2021.

3. At the time of the incident made the basis of this suit, AMSEY GRACE LIEBENOW was fifteen (15) years of age.

4. At all times relevant to this Complaint, Defendant ENSLEY BOTTOMS FARM, LLC was a foreign limited liability company incorporated in Mississippi, having its principal place of business at 8492 Lakeview Road, Walls, MS 38680, which may be served through its Registered Agent as identified through the Tennessee Secretary of State website: Barry Duke, 7390 Highway 64, Oakland, TN 38060.

5. At all times relevant to this Complaint, Defendant KALB EQUIPMENT, INC. was incorporated in Tennessee, having its principal place of business at 4900 Old Summer Road, Memphis, TN 38122, which may be served through its Registered Agent as identified through the Tennessee Secretary of State website: John R. Kalb, 4900 Old Summer Road, Memphis, TN 38122.

6. At all times relevant to this Complaint, Defendant MUFFY K. KALB, formerly Muffy K. Liebenow, was a citizen and resident of Memphis, Shelby County, Tennessee, who may be served with process at 6602 Green Shadows Lane, Memphis, TN 38119.

**JURISDICTION AND VENUE**

7. Plaintiff's cause of action arises in tort as a result of injuries and damages sustained due to the negligence of Defendants Ensley Bottoms Farm, LLC, Kalb Equipment, Inc., and Muffy K. Kalb for injuries which occurred in Shelby County, Tennessee on or about September 12, 2021.

8. Venue is properly situated in this Court pursuant to 28 U.S.C. § 1391(b).

9. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1).

## FACTS

10. On or about September 12, 2021, at approximately 11:00 a.m., the decedent, Amsey Grace Liebenow, who was fifteen years old at the time, was operating a 2016 Toyota Tundra alone on the premises of Defendant Ensley Bottoms Farm, LLC.

11. Upon information and belief, Defendant Kalb Equipment, Inc. owned the truck being operated by the decedent, Amsey Grace Liebenow.

12. The decedent, Amsey Grace Liebenow, was operating the truck on the Ensley Bottoms Farm, LLC property with the knowledge and permission of Defendant Kalb Equipment, Inc., Ensley Bottoms Farm, LLC, and Muffy K. Kalb.

13. The Ensley Bottoms Farm, LLC, property contains tracts located both in the States of Tennessee and Mississippi.

14. Upon information and belief, Defendant Kalb Equipment, Inc., allowed the decedent to operate the truck prior to September 12, 2021.

15. On September 12, 2021, the decedent was provided access to the truck by Kalb Equipment, Inc., or, alternatively, by Muffy K. Kalb, while located in the State of Mississippi.

16. As the decedent was traveling on a private gravel road on the Ensley Bottoms Farm, LLC property, she came to a makeshift bridge made of railroad ties with no guard rails and no warning signs.

17. This makeshift bridge is located on the Tennessee portion of Ensley Bottoms Farm, LLC.

18. As the decedent proceeded to cross the bridge, the passenger's side wheels of the truck went off the right side of the bridge.

19. Upon making contact between the bridge and the undercarriage of the truck, the decedent was unable to maintain control of the truck and the truck rolled, flipped and landed upside down in Horn Lake Creek.

20. As a result of this wreck, Amsey Grace Liebenow was gravely injured and ultimately died at the scene of the accident as a result of her injuries.

## CAUSE OF ACTION
## COUNT I
## NEGLIGENCE OF ENSLEY BOTTOMS FARM, LLC

21. The Plaintiff repeats the allegations contained in paragraphs 1 – 20 as though set forth herein verbatim.

22. The Defendant, Ensley Bottoms Farm, LLC, failed to exercise a reasonable degree of care in maintaining the premises in such a manner so as not to create a dangerous condition that would endanger persons, and specifically the decedent, when visiting the property.

23. The Defendant, Ensley Bottoms Farm, LLC, failed to warn visitors, specifically the decedent, of the dangerous condition of the bridge and / or roadbed over Horn Lake Creek.

24. The Defendant, Ensley Bottoms Farm, LLC, failed to provide a verbal warning or instruction to visitors, specifically the decedent, regarding the dangerous condition of the bridge over Horn Lake Creek.

25. The Defendant, Ensley Bottoms Farm, LLC, failed to place guardrails or warning signs around the bridge over Horn Lake Creek.

26. Upon information and belief, Defendant Ensley Bottoms Farm, LLC had or should have had actual and / or constructive notice of the dangerous and defective condition that caused the decedent's injuries and damages.

27. The Defendant, Ensley Bottoms Farm, LLC, negligently permitted Amsey Grace Liebenow, a minor, to operate a vehicle alone on their premises.

28. As a proximate result of the negligence of Defendant Ensley Bottoms Farm, LLC, Amsey Grace Liebenow suffered severe injuries which resulted in her death.

29. As a proximate result of the negligence of Defendant Ensley Bottoms Farm, LLC, Amsey Grace Liebenow lost her life which would not have otherwise occurred.

## COUNT II
## NEGLIGENCE OF KALB EQUIPMENT, INC.

30. The Plaintiff repeats the allegations contained in paragraphs 1 – 29 as though set forth herein verbatim.

31. The Defendant, Kalb Equipment, Inc., negligently permitted Amsey Grace Liebenow, a minor, to operate their vehicle alone on September 12, 2021.

32. The Plaintiff alleges that it was foreseeable to Defendant Kalb Equipment, Inc., or alternatively that it should have been foreseeable to the Defendant Kalb Equipment, Inc. in the exercise of reasonable care, that the decedent could be injured or killed by failing to restrict access to its vehicle. Despite this actual or constructive knowledge, Defendant Kalb Equipment, Inc., by and through its employees and / or agents, failed to restrict access to the vehicle the decedent was operating with deliberate indifference and with a reckless disregard for the health, safety and welfare of the decedent.

33. The Defendant, Kalb Equipment, Inc., was or should have been aware that Amsey Grace Liebenow was an inexperienced driver and was negligent in entrusting their vehicle to the decedent under the conditions then and there prevailing on Ensley Bottoms Farm, LLC, property.

34. The Defendant Kalb Equipment, Inc., failed to provide any verbal warning or instruction to the decedent regarding the dangerous condition of the bridge over Horn Lake Creek.

35. As a proximate result of the negligence of Defendant Kalb Equipment, Inc., Amsey Grace Liebenow suffered severe injuries which resulted in her death.

36. As a proximate result of the negligence of Defendant Kalb Equipment, Inc., Amsey Grace Liebenow lost her life which would not have otherwise occurred.

## COUNT III
## NEGLIGENCE OF MUFFY K. KALB

37. The Plaintiff repeats the allegations contained in paragraphs 1 – 36 as though set forth herein verbatim.

38. While in Mississippi, the Defendant, Muffy K. Kalb, individually and as an agent of Kalb Equipment, Inc., negligently permitted Amsey Grace Liebenow, a minor, to operate a vehicle alone on September 12, 2021.

39. The Plaintiff alleges that it was foreseeable to Defendant Muffy K. Kalb, or alternatively that it should have been foreseeable to Defendant Muffy K. Kalb in the exercise of reasonable care, that the decedent could be injured or killed by failing to restrict access to the vehicle. Despite this actual or constructive knowledge, Defendant Muffy K. Kalb failed to restrict access to the vehicle the decedent was operating.

40. The Defendant, Muffy K. Kalb, was or should have been aware that Amsey Grace Liebenow was an inexperienced driver and was negligent in entrusting the vehicle to the decedent under the conditions then and there prevailing on Ensley Bottoms Farm, LLC, property.

41. The Defendant Muffy K. Kalb failed to provide any verbal warning or instruction to the decedent regarding the dangerous condition of the bridge over Horn Lake Creek.

42. As a proximate result of the negligence of Defendant Muffy K. Kalb, Amsey Grace Liebenow suffered severe injures which resulted in her death.

43. As a proximate result of the negligence of Defendant Muffy K. Kalb, Amsey Grace Liebenow lost her life which would not have otherwise occurred.

44. Because the negligent actions of the Defendant Muffy K. Kalb occurred in the State of Mississippi, she is not entitled to any parent-child immunity.

## COMPENSATORY DAMAGES

45. The Plaintiff repeats the allegations contained in paragraphs 1 – 44 as though set forth herein verbatim.

46. As a direct and proximate result of the incidents described herein, the Plaintiff, Walter Liebenow, suffered considerable damages, including emotional trauma and loss of consortium of his daughter.

47. As a direct and proximate result of these incidents, the decedent, Amsey Grace Liebenow, suffered the following injuries and damages:

    a. Loss of life (pecuniary value);

    b. Loss of earning capacity;

    c. Great pain and suffering both mental and physical;

    d. Great fright and shock; and

    e. Death.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully prays:

1. That the Plaintiff be awarded compensatory damages in an amount not less than Five Million and no/100 Dollars ($5,000,000.00);

2. That the Plaintiff be awarded post-judgment interest as allowed by law;

3. That a jury be empaneled to try the issues when joined; and

4. Such further relief as the Court may deem just and equitable.

        Respectfully submitted,

        901ATTORNEYS, LLC

        s/ David A. McLaughlin
        David A. McLaughlin, Esq. (015561)
        Russell B. Jordan, Esq. (025493)
        Attorneys for the Plaintiff
        200 Jefferson Avenue – Suite 900
        Memphis, TN 38103
        Phone: (901) 671-1551
        Fax: (901) 671-1571
        David@901Attorneys.com